THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:12-cv-00082-BO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for CAPE FEAR BANK, <br><br>       Plaintiffs <br> vs. <br><br> JOHN CAMERON COBURN, LARRY FLOWERS, R. JAMES MACLAREN, MARK TYLER, CRAIG S. RELAN, JERRY S. SELLERS, and WALTER O. WINTER, <br><br>       Defendants. | **DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT** |

NOW COME Defendants John Cameron Coburn ("Coburn"), Larry Flowers ("Flowers"), R. James MacLaren ("MacLaren"), Mark Tyler ("Tyler"), Craig S. Relan ("Relan"), Jerry S. Sellers ("Sellers"), and Walter O. Winter ("Winter") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. Rules 8 and 12, and responding to the Complaint of Plaintiff Federal Deposit Insurance Corporation, in its capacity as Receiver for Cape Fear Bank ("Plaintiff" or "FDIC-R"), state as follows:

## FIRST DEFENSE

Each and every count of Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Specifically responding to the enumerated and non-enumerated paragraphs of the Complaint, Defendants answer as follows:

In response to the allegations in the first un-numbered paragraph, which precedes the "Preliminary Statement," Defendants admit that FDIC-R purports to bring this action in its capacity as Receiver of Cape Fear Bank ("Cape Fear" or the "Bank"). While some of the Defendants did approve loans, Defendants are currently not in possession of relevant documentation regarding any of the twenty-three (23) commercial real estate ("CRE") and acquisition, development, and construction ("ADC") loans identified in the Complaint (the "Loss Loans"), and because the alleged conduct occurred over three (3) years ago, Defendants are currently without sufficient knowledge or information regarding these allegations, which therefore stand denied.

## Preliminary Statement

In response to the allegations in the first un-numbered paragraph of the "Preliminary Statement," Defendants deny that the Bank failed. Defendants admit that the Bank of Wilmington was founded in or around June 1998, and that the Bank changed its name to Cape Fear Bank on October 1, 2006. Defendants further admit that the North Carolina Commissioner of Banking ("NCCOB") closed Cape Fear on April 10, 2009, and appointed FDIC-R as Receiver. Defendants are currently without sufficient knowledge or information regarding the remaining allegations in this paragraph, which therefore stand denied.

In response to the allegations in the second un-numbered paragraph of the "Preliminary Statement," Defendants admit that they are former directors and/or officers of the Bank. Defendants deny the remaining allegations in this paragraph.

Defendants deny the allegations in the third un-numbered paragraph of the "Preliminary Statement."

Defendants deny the allegations in the fourth un-numbered paragraph of the "Preliminary

Statement."

In response to the allegations in the fifth un-numbered paragraph of the "Preliminary Statement," Defendants deny that "many" of the Bank's loans had loan policy exceptions. Defendants further deny that "almost half of the loan [Bank's] portfolio" was "serviced by interest reserves provided by the Bank's loan itself." Defendants are currently without sufficient knowledge or information regarding the size of the Bank's assets, the amount of the Bank's ADC loans, or the Bank's Tier 1 Capital at the times alleged, and these allegations therefore stand denied. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

Defendants deny the allegations in the sixth un-numbered paragraph of the "Preliminary Statement."

<u>The Parties</u>

<u>Plaintiff</u>

1.      Defendants deny that they are liable for negligence, gross negligence, and/or breaches of fiduciary duty or other legal duties. Defendants are currently without sufficient knowledge or information regarding whether the FDIC determined that the Bank was operating in an unsafe and unsound manner, and that allegation therefore stands denied. Upon information and belief, Defendants admit the remaining allegations in this paragraph.

2.      Defendants admit the allegations in this paragraph.

3.      Defendants admit that Flowers was the Chief Credit Officer ("CCO") at the Bank from on or about January 20, 1998 until on or about February 1, 2007, and that Flowers resides in this judicial district. Defendants deny the remaining allegations in this paragraph.

4.      Defendants admit the allegations in this paragraph, but they deny that the Bank

- 3 -

failed.

5.      Defendants deny that Tyler held the position of Pine Valley Branch Manager and/or that the Bank failed.  Defendants admit that Tyler was Senior Vice President and Chief Banking Officer at the Bank from March 2007 until the Bank was closed.  Upon information and belief, Defendants admit the remaining allegations in this paragraph.

6.      Defendants admit the allegations in this paragraph.

7.      Defendants admit the allegations in this paragraph.

8.      Defendants admit the allegations in this paragraph, but they deny that the Bank failed.

<u>Jurisdiction and Venue</u>

9.      Defendants admit the allegations in this paragraph.

10.     Defendants admit the allegations in this paragraph.

11.     Defendants admit the allegations in this paragraph.

<u>ALLEGATIONS OF FACT APPLICABLE TO ALL COUNTS</u>

12.     Defendants admit that the Bank of Wilmington was founded in or around June 1998, and that the Bank changed its name to Cape Fear Bank on or about October 1, 2006. Defendants deny the remaining allegations in this paragraph.

13.     Defendants admit that Coburn held the position of Executive Vice President; that the Bank's Board of Directors (the "Board") elected Coburn as President and Chief Executive Officer ("CEO") on or about January 4, 2000; and that Coburn became Chairman of the Board on or about July 19, 2001, at which time he was 34 years old.  Defendants deny the remaining allegations in this paragraph.

14.     Defendants deny that "many" of the Bank's loans had loan policy exceptions.

- 4 -

Defendants are currently without sufficient knowledge or information regarding the size of the Bank's assets, the amount of the Bank's ADC loans, or the Bank's Tier 1 Capital at the times alleged, and these allegations therefore stand denied. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

15.     Defendants lack sufficient knowledge or information regarding the allegations concerning the actions or conduct of Betty Norris, which therefore stand denied. Defendants deny the remaining allegations in this paragraph.

16.     Defendants admit that certain shareholders of the Bank initiated a proxy battle. Defendants are currently without sufficient knowledge or information regarding the remaining allegations in this paragraph, as the actions complained of allegedly occurred over three (3) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

17.     Defendants deny that the Bank failed. Defendants admit that the NCCOB secured a court order allowing it to close the Bank on or about April 10, 2009. Except as expressly admitted, Defendants deny the allegations in this paragraph.

18.     Defendants deny the allegations in this paragraph.

19.     Defendants deny the allegations in this paragraph.

20.     Defendants deny the allegations in this paragraph.

<u>The Defendants Disregarded Regulatory and Auditor Warnings</u>

21.     Defendants aver that the letter referenced in this paragraph speaks for itself, and they therefore deny any allegations inconsistent therewith. Defendants are currently without sufficient information regarding the alleged August 24, 2006 meeting with examiners, and they

therefore deny the allegations in this paragraph regarding the existence, date and/or substance of the alleged August 24, 2006 meeting. Defendants deny the remaining allegations in this paragraph.

22. Defendants aver that the August 16, 2001 Report of Examination ("RoE") referenced in this paragraph speaks for itself, and they therefore deny any allegations inconsistent therewith. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over ten (10) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

23. To the extent that the quotes in this paragraph and/or the documents that allegedly contain such quotes exist, such quotes and/or documents speak for themselves, and Defendants therefore deny any allegations inconsistent therewith. Defendants are currently without sufficient knowledge or information regarding the remaining allegations in this paragraph, which therefore stand denied.

24. Defendants admit that, in 2003 and 2005, the Bank raised capital. To the extent that the quotes in this paragraph and/or the documents that allegedly contain such quotes exist, such quotes and/or documents speak for themselves, and Defendants therefore deny any allegations inconsistent therewith. Defendants are currently without sufficient knowledge or information regarding the remaining allegations in this paragraph, which therefore stand denied.

25. Defendants deny that almost half of the Bank's loans were paid by loan interest reserves. Defendants are currently without sufficient knowledge or information regarding the remaining allegations in this paragraph, which therefore stand denied.

26.     Defendants deny that the Bank failed.  Defendants aver that the RoEs and any other documents referenced in this paragraph speak for themselves, and they therefore deny any allegations inconsistent therewith.  Defendants admit that the NCCOB secured a court order allowing it to close the Bank on or about April 10, 2009.  Except as expressly admitted, Defendants deny the allegations in this paragraph.

### Approval of Loss Loans

27.     Defendants deny that all of the Loss Loans were approved by the Internal Loan Committee ("ILC"), the Directors' Loan Committee ("DLC"), and the Board.  Defendants are currently without sufficient knowledge or information regarding the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty-six (46) and sixty-eight (68) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

### AK – 6445

28.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-three (53) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

29.     Defendants deny the allegations in this paragraph.

30.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

31.     Defendants deny the allegations in this paragraph.

AK – 5384

32.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over five-and-a-half (5 ½) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

33.     Upon information and belief, Defendants deny that the appraisal on the property was three (3) years old when this loan was approved.  Defendants further deny that the auto industry in the Wilmington, NC was experiencing a "significant downturn" in November 2006 when this loan was approved.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over five-and-a-half (5 ½) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

34.     Defendants deny that this loan violated the Bank's loan policy or any other

- 8 -

applicable Bank policies, laws or regulations. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over five-and-a-half (5 ½) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

35.     Defendants deny the allegations in this paragraph.

<u>AK – 5385</u>

36.     Defendants deny that MacLaren was a member of the DLC, and they deny that he approved this loan or any renewal(s) thereof as a member of the DLC. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty (40) and sixty-five (65) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

37.     Defendants deny that this loan violated the Bank's Appraisal Policy, the Real Estate Loan Underwriting Policy, and/or any other applicable Bank policies, laws or regulations. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty (40) and sixty-five (65) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

38.     Defendants deny the allegations in this paragraph.

<u>AK – 5386</u>

39.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over five-and-a-half (5 ½) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

40.     Defendants deny that they engaged in any mismanagement or other wrongdoing related to this loan.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over four (4) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

41.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over four (4) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

42.     Defendants deny the allegations in this paragraph.

<u>AK – DDA Account</u>

43.     Defendants deny that Relan and/or Sellers approved the overdraft on the DDA

account referenced in this paragraph, as such approval (alleged in paragraph 27 to have occurred on February 27, 2009) occurred after they allegedly resigned from the Board. Defendants further deny that Flowers approved the overdraft on the DDA account, as such approval allegedly occurred after Flowers retired and after his lending authority was allegedly revoked. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over thirty-nine (39) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

44.     Defendants aver that this paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph, and they specifically deny that they engaged in any mismanagement or other wrongdoing related to this loan.

45.     Defendants deny the allegations in this paragraph.

<u>PEJ, INC. – 5725</u>

46.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over five (5) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

47.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over thirty-four (34) months ago; some actions occurred over six (6) years ago; some

- 11 -

actions occurred after the Bank was closed and Defendants were no longer associated with the Bank; and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

48.     Defendants deny the allegations in this paragraph.

PEJ, INC. – 6827

49.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago; some actions occurred after the Bank was closed and Defendants were no longer associated with the Bank; and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

50.     Defendants deny the allegations in this paragraph.

PEJ, INC. – 5589

51.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between fifty-one (51) and sixty-three (63) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

52.     Defendants deny that this loan violated the Bank's loan policy or any other

applicable Bank policies, laws or regulations. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between fifty-one (51) and sixty-three (63) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

53.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred between fifty-one (51) and sixty-three (63) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph.

<u>PEJ, INC. – 5428</u>

55.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

56.     Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph, as the actions complained of allegedly occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph.

<u>JI – 6906</u>

58.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over forty-six (46) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

<u>JI – 5988</u>

60.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and fifty-seven (57) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

61.     Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations.  Defendants are currently without knowledge or

- 14 -

information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and fifty-seven (57) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

62.     Defendants deny the allegations in this paragraph.

<u>Orebaugh-Smith Holding Company – 5696</u>

63.     Defendants deny that Tyler and/or Flowers were members of the DLC, and they deny that Tyler and/or Flowers approved this loan, or any renewals thereof, as members of the DLC.   Defendants further deny that Flowers approved this loan, as the approval allegedly occurred after Flowers retired and after his lending authority was allegedly revoked.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-nine (59) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

64.     Defendants deny the allegations in this paragraph.

<u>The Forum at Sunset Beach – 5871</u>

65.     Defendants deny that Tyler, Flowers and/or MacLaren were members of the DLC, and they deny that Tyler, Flowers and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants further deny that Flowers approved this loan, as the approval allegedly occurred after Flowers retired and after his lending authority was allegedly revoked.  Defendants are currently without knowledge or information sufficient to form a belief

- 15 -

as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

66. Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations. Defendants deny that the LTV figure of 357% is relevant. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

67. Defendants aver that the RoE referenced in this paragraph speaks for itself, and they therefore deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

68. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over three (3) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

69. Defendants deny the allegations in this paragraph.

<u>Juniper Creek, LLC – 5922</u>

70. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly

- 16 -

occurred over fifty-nine (59) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

71.     Defendants deny the allegations in this paragraph.

<u>Juniper Creek, LLC – 5313</u>

72.     Defendants deny that Tyler, Flowers and/or MacLaren were members of the DLC, and they deny that Tyler, Flowers and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and sixty-eight (68) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

73.     Defendants aver that the appraisals referenced in this paragraph speak for themselves, and they therefore deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

74.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and sixty-eight (68) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

75.     Defendants aver that Notices of Violations referenced in this paragraph speak for themselves, and they therefore deny any allegations inconsistent therewith.  Defendants are

currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and sixty-eight (68) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

76. Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and sixty-eight (68) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

77. Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between forty-four (44) and sixty-eight (68) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

<u>Juniper Creek, LLC – 6813</u>

79. To the extent the table in paragraph 27 of the Complaint alleges that MacLaren and/or Tyler approved this loan, Defendants deny this allegation and aver that paragraph 79

- 18 -

specifically alleges that the Board approved this loan, and neither MacLaren nor Tyler were members of the Board. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

80.    Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

81.    Defendants aver that the appraisals referenced in this paragraph speak for themselves, and they therefore deny any allegations inconsistent therewith.

82.    Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the allegations in this paragraph.

83.    Defendants aver that Notices of Violations referenced in this paragraph speak for themselves, and they therefore deny any allegations inconsistent therewith. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over

- 19 -

forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

84.     Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

85.     Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over forty-seven (47) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

86.     Defendants deny the allegations in this paragraph.

Woodland Building, LLC – 5984

87.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly

- 20 -

occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

88.     Defendants deny the allegations in this paragraph.

89.     Defendants deny the allegations in this paragraph.

Woodland Building, LLC – 5985

90.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

91.     Defendants deny the allegations in this paragraph.

92.     Defendants deny the allegations in this paragraph.

Woodland Building, LLC – 5986

93.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over fifty-eight (58) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

94.     Defendants deny the allegations in this paragraph.

95.     Defendants deny the allegations in this paragraph.

Woodland Building, LLC – 6663

96.     Defendants deny that Tyler and/or MacLaren were members of the DLC, and they deny that Tyler and/or MacLaren approved this loan, or any renewals thereof, as members of the DLC. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over forty-two (42) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

97.     Defendants deny the allegations in this paragraph.

98.     Defendants deny the allegations in this paragraph.

Kirk Construction/Pigford Properties – 5441

99.     Defendants deny that Tyler approved this loan, or any renewals thereof, at a Board meeting, as he was not a member of the Board. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred between fifty-three (53) and sixty-six (66) months ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

100.    Defendants deny the allegations in this paragraph.

101.    Defendants deny the allegations in this paragraph.

102.    Defendants deny that this loan violated the Bank's loan policy or any other applicable Bank policies, laws or regulations.  Defendants further deny that Tyler was a member of the DLC, and they deny that Tyler approved this loan, or any renewals thereof,  as a member of the DLC.  Defendants aver that the appraisals referenced in this paragraph speak for themselves, and they therefore deny any allegations inconsistent therewith.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, as the actions complained of allegedly occurred over four (4) years ago, and Defendants are not in possession of the Bank documents on which FDIC-R has presumably relied in setting out the allegations in this paragraph; Defendants therefore deny the remaining allegations in this paragraph.

103.    Defendants deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

## COUNT I

### Negligence and Gross Negligence

104.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-103 as if fully set forth herein.

105.    This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

106.    Defendants deny the allegations in this paragraph.

107.    This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

108.    Defendants deny the allegations in this paragraph.

109.     This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

## COUNT II

### Breach of Fiduciary Duties

110.     Defendants repeat and incorporate by reference their responses to Paragraphs 1-109 as if fully set forth herein.

111.     This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

112.     This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

113.     Defendants deny that each of them approved each of the Loss Loans.  The remaining allegations in this paragraph contain in whole or in part conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the remaining allegations in this paragraph.

114.     This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

115.     Defendants deny the allegations in this paragraph.

116.     Defendants deny the allegations in this paragraph.

117.     This paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations in this paragraph.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because the conduct challenged by Plaintiff constitutes the reasonable exercise of business judgment by Defendants. After considering all reasonably available information, Defendants exercised their business judgment to make informed business decisions that they honestly believed in good faith were in the best interest of the Bank.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants acted in good faith at all times, including (without limitation) relying and acting in good faith upon information, opinions, reports and/or statements, including financial statements and other financial data, that were prepared and/or presented by:

(1)    One or more officers or employees of the Bank whom Defendants reasonably believed to be reliable and competent in the matters presented;

(2)    Counsel, public accountants, and/or other persons as to matters which Defendants reasonably believed were within such person's professional or expert competence; and/or

(3)    Committees of the Board of Directors upon which Defendants did not serve, duly designated in accordance with a provision of the Bank's articles of incorporation and/or bylaws, as to matters within such committee's designated authority, which committee Defendants reasonably believed to merit confidence.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because they seek to impose personal liability upon these Defendants for alleged damages resulting from intervening causes and/or events that were historic, global, unforeseeable, and unforeseen by countless reasonable persons,

including the NCCOB, FDIC-C and other government agencies and regulators charged with monitoring and regulating financial institutions. Such agencies and regulators failed to take preventative steps to avoid the disastrous decline in real estate value nationally, the near-collapse of global credit markets, and the epidemic failures of the financial institutions they were responsible for regulating. Among other causes, all of the aforementioned caused and/or contributed to the alleged damages sought by Plaintiff independently of any alleged conduct of Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff, as Receiver of the Bank, committed contributory negligence and gross negligence, which intervened to cause substantial damage to, and/or waste of, the assets and capital of the Bank, and which caused and/or contributed to the alleged damages sought by Plaintiff. Among other negligent and grossly negligent acts, Plaintiff refused to work with delinquent and/or defaulting borrowers in an attempt to reduce and/or prevent potential losses on the Bank's loans and, instead, chose to accelerate the indebtedness and/or foreclose on the collateral securing said loans, which often resulted in the Bank sustaining larger losses than it would have had Plaintiff worked with these borrowers. Moreover, Plaintiff sold properties held by the Bank as collateral for loans under "bulk sale" conditions for a small fraction of their fair market value. Such bulk sales of residential properties to non-resident investors for far less than their fair market value was typical of, and consistent with, Plaintiff's pattern and practice of "dumping" properties and committing waste of the Bank's assets.

## SEVENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff's negligent

and grossly negligent acts prevented the Bank from mitigating damages resulting from unforeseeable intervening events.

## EIGHTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants reasonably relied on bank examiners and regulators, including but not limited to the NCCOB and FDIC-C, which failed to foresee the alleged losses and failed to require Defendants to adopt any course of conduct other than that which allegedly resulted in the losses complained of in the Complaint.

## NINTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants reasonably and in good faith relied upon information, reports, opinions, and statements provided by persons, government agencies, and regulatory authorities, including the NCCOB and FDIC-C, with professional and/or expert competence, in taking or failing to take action(s) now alleged by Plaintiff to be wrongful.

## TENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants had no knowledge of, and no reasonable grounds to believe in, the existence of the facts by which their liability is alleged to exist.

## ELEVENTH DEFENSE

To the extent Defendants had any knowledge of and/or belief in the facts on which Plaintiff purports to base their alleged liability (which knowledge is expressly denied), such knowledge is imputed to the Bank and, thus, to Plaintiff, as Receiver of the Bank. As a result, Plaintiff is estopped from asserting its purported claims against Defendants, and such claims are thus barred in whole or in part.

## TWELFTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff failed, neglected, or refused to mitigate damages as required by law.

## THIRTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because the NCCOB, FDIC-C and/or others failed, neglected or refused to mitigate damages as required by law.

## FOURTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff's alleged damages, if any, were not proximately caused by any wrongdoing on the part of Defendants.

## FIFTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants acted within the scope of their authority.

## SIXTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because of Plaintiff's acts, omissions, representations and courses of conduct, on which Defendants were led to rely to their detriment and/or to the extent Plaintiff accepted the benefits of the Defendants' alleged wrongful conduct.

## SEVENTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent Plaintiff consented to, authorized and/or ratified Defendants' alleged wrongful conduct.

## EIGHTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent the NCCOB and/or FDIC-C consented to, authorized and/or ratified Defendants' alleged wrongful conduct.

## NINETEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent that any alleged wrongful conduct occurred when Defendants (or any of the them) were not employed at the Bank and/or were not in positions of discretionary authority, such that they had no duty and/or authority to direct and/or control the alleged wrongful conduct. In responding to the specific allegations in the Complaint, Defendants have noted several instances in which certain Defendants were not employed at the Bank and/or were not in positions of discretionary authority. However, this defense is not limited to such specific examples and is intended to apply to the fullest extent permitted by law.

## TWENTIETH DEFENSE

Plaintiff's purported claims are barred in whole or in part because the Bank's governing documents exculpate Defendants for the alleged wrongful conduct.

## TWENTY-FIRST DEFENSE

Defendants allege, upon information and belief, that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of others, including but not limited to Plaintiff, FDIC-C, and the NCCOB. Thus, the liability of the responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability of Defendants, if any, should be reduced accordingly.

## TWENTY-SECOND DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent discovery reveals such claims are barred by the applicable statutes of limitation, statutes of repose, and/or the doctrine of laches.

**WHEREFORE**, having fully answered the Complaint of Plaintiff Federal Deposit Insurance Corporation, in its capacity as Receiver for Cape Fear Bank ("Plaintiff"), Defendants John Cameron Coburn ("Coburn"), Larry Flowers ("Flowers"), R. James MacLaren ("MacLaren"), Mark Tyler ("Tyler"), Craig S. Relan ("Relan"), Jerry S. Sellers ("Sellers"), and Walter O. Winter ("Winter") (collectively, "Defendants") respectfully request that this Court grant the following relief:

1.      Deny all claims for relief asserted by Plaintiff against Defendants in the Complaint; and

2.      Grant Defendants such other and further relief as this Court may deem just and proper.


## JURY TRIAL DEMANDED

Defendants request a trial by jury on all issues so triable raised in Plaintiff's Complaint and/or Defendants' Answer and Defenses to Complaint.


Respectfully submitted this the 4th day of June, 2012.


ALSTON & BIRD LLP

By:      /s/ Ryan P. Ethridge
         Ryan P. Ethridge
         N.C. Bar No.:  38147
         4721 Emperor Blvd., Suite 400
         Durham, NC  27703-8580
         Telephone:  (919) 862-2200
         Facsimile:  (919) 862-2260
         Email:  ryan.ethridge@alston.com

         *Attorney for Defendants*

- 30 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, the foregoing document was electronically filed with the

Clerk of Court using the CM/ECF system, which will automatically send email notification of

such filing upon Counsel of Record.

Dated:  June 4, 2012

<u>/s/ Ryan P. Ethridge</u>
Ryan P. Ethridge
N.C. State Bar No. 38147